Eastern District of Kentucky
FILED
OCT 0 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-26-JBC

JIMMY C. DUNAWAY,                                                   PLAINTIFF

V.                    **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Jimmy C. Dunaway, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on his application for Disability Insurance Benefits (DIB) filed on November 25, 2003, he was not disabled.

This matter is before the court on cross-motions for summary judgment. [DE ##6, 7].

By Order of July 10, 2006, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff alleged that he became disabled on September 26, 2003, due primarily to anxiety and depression. Plaintiff has a high school education plus one year of college and has past relevant work (PRW) experience as a paint mixer. Plaintiff's DIB application was denied initially and on reconsideration, resulting in an ALJ hearing held on September 7, 2005. On October 14, 2005, ALJ Timothy G. Keller found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits under his DIB application. (Tr. 17-22).

Subsequently, on November 30, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 8-10), resulting in the filing of this action for judicial review of the Commissioner's decision.

Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date, (2) claimant's anxiety and depression are "severe" impairments based on 20 C.F.R. § 404.1520(c); however, these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant is unable to perform any of his past relevant work (PRW); (5) transferability of skills is not an issue; (6) claimant has the residual functional capacity (RFC) to perform a significant range of medium work, with certain restrictions; (7) although claimant's limitations do not permit him to perform the full range of medium work, using Medical-Vocational Rule 203.29 as a framework for decision-making, and based on vocational expert testimony, there is a significant number of jobs in the national economy that claimant can perform, such as work as assembler, production laborer, and stock handler/bagger; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, October 14, 2005. (17-22).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff asserts that the ALJ erred by not giving controlling weight to the opinion of his treating psychiatrist, Dr. Dale H. Farabee, who had treated plaintiff for depression and anxiety for a number of years. For this reason, plaintiff submits that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed, and that he should be awarded disability benefits.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, and the transcript of the ALJ hearing.

Dale H. Farabee, M.D., is plaintiff's treating psychiatrist. The medical records obtained from Dr. Farabee cover the period of time from February 27, 2003, to August 22, 2005. Thus, Dr. Farabee has treated plaintiff for depression and anxiety problems for more than two years. Dr. Farabee is of the opinion that plaintiff is disabled by "acute recurring episodes of severe anxiety at the work site (agoraphobia), depression (melancholia) and obsessive actions." (Tr. 210). ALJ Keller did not give controlling weight to Dr. Farabee's opinion because he found it to be inconsistent with plaintiff's own statements, the statements of plaintiff's wife, and the ALJ's own observation of plaintiff at the ALJ hearing. (Tr. 19).

It is well-settled that a treating physician's opinion may be given greater weight only if it is well-supported by medically acceptable clinical and diagnostic techniques and is consistent with the remainder of the evidence of record. See 20 C.F.R. § 404.1527(d)(2) (2002); Bogle v. Sullivan, 998

F.2d 342, 347 (6th Cir. 1993). See also Social Security Ruling (SSR) 96-2p (it is error to give an opinion controlling weight, simply because it is the opinion of a treating source, if it not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence of record).

In this case, Dr. Farabee's opinion that plaintiff is disabled by his anxiety and depression problems is inconsistent with other medical evidence of record concerning his mental condition. For example, on January 17, 2004, plaintiff underwent a consultative psychiatric evaluation by Dr. Robert Jack Eardley, who found plaintiff to be friendly and cooperative. (Tr. 211-214). Although plaintiff's subjective statements to Dr. Eardley suggested the presence of anxiety and depressive factors, objectively his speech was relevant and coherent, he was appropriately oriented, his memory was intact, his thought processes showed no evidence of delusions or loosening of associations, he had no perceptual abnormalities, he had no cognition or sensorium deficits, and his judgment and insight were not remarkable. (Tr. 212-213). Dr. Eardley observed that plaintiff's general statements suggested that he experienced anxiety and depression, with a possibility of a compulsive disorder. However, on examination, plaintiff did not manifest any psychotic reactions. (Tr. 213). Dr. Eardley concluded that plaintiff was able to make personal and social adjustments and to understand, remember, and carry out instructions. (Tr. 214). Dr. Eardley expressed no opinion that plaintiff was disabled by his mental problems.

Dr. Eardley's assessment of plaintiff is consistent with other medical evidence of record. For example, Dr. Devang Shah, an internist, performed a consultative examination of plaintiff on March 26, 2004. In the section of Dr. Shah's report entitled "Mental Status Exam," Dr. Shah stated:

> **Mental Status Exam**
> The claimant was alert, awake and oriented. Memory, appearance, behavior and ability to relate during the examination were normal. The claimant was appropriate, polite, pleasant and cooperative. The claimant was able to relate a clear, concise and coherent medical history without apparent cognitive difficulties. The affect was normal. There were no signs of depression, agitation, irritability or anxiety.

(Tr. 234, 238).

4

Additionally, in the "Assessment" section of Dr. Shah's report, he stated:

> **Assessment**
>
> Problem #1 Anxiety: He has h/o anxiety & panic attacks for last 10 years. He is currently on the medications for that. He is also suffering from Agoraphobia.
>
> Problem #2 Depression: He is suffering from depression for last 3-5 years. He is currently on the medications for that at present. He is following regularly with physician in regards to his medical problems.

(Tr. 234).[1]

Dr. Eardley's opinion is also consistent with non-medical evidence of record that plaintiff is not disabled. For example, in a third party functional statement, plaintiff's wife reported that plaintiff was fully competent to perform all household chores, including providing for his personal care and caring for their children and their pets (Tr. 89-90), and that plaintiff also went outside daily, drove, shopped for home repair items, and paid bills. (Tr. 91). She also reported that while plaintiff was capable of going out alone, he preferred that she accompany him. (Tr. 92). Additionally, she stated that plaintiff attended some of their children's sporting events and that he sometimes went camping. (Tr. 92).

Plaintiff himself acknowledged that he performed household and yard chores and did odd jobs around the house. (Tr. 76, 109). Plaintiff also acknowledged that he shopped for big-ticket items for the household, attended church once a month, attended some of his children's athletic events, and occasionally went to the movies. (Tr. 77).

Consequently, since Dr. Farabee's opinion that plaintiff is disabled by his mental problems is *not* consistent with other medical evidence of record and is refuted by other medical opinions of record, including the opinions of Dr. Eardley and Dr. Shah, as noted above, the Magistrate Judge concludes that the ALJ committed no error by not giving controlling weight to the opinion of plaintiff's treating psychiatrist, Dr. Farabee.

---

[1] It is noteworthy that while plaintiff informed Dr. Shah in March of 2004 that he had a history of anxiety and panic attacks for the past ten years, plaintiff alleges that the onset date of disability due to his mental problems is September 26, 2003.

5

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #6] be **DENIED**, that the defendant's motion for summary judgment [DE #7] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 5th day of October, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE