UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 06-26-JBC**

**JIMMY C. DUNAWAY,**     **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). On cross-motions for summary judgment (DE 6, DE 7), the court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation (DE 9), to which the plaintiff has filed objections (DE 10).

When the parties to an action submit such objections, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**I. Factual Background**

The plaintiff is a forty-six-year-old male who has completed one year of college and has past relevant work ("PRW") experience as a paint mixer. AR 18-20. The plaintiff initially alleged that he had been disabled since August 29, 2003,

as a result of anxiety and depression.  AR 47-50.  He subsequently amended his application to allege disability beginning on September 26, 2003.  AR 441.  The plaintiff's disability claim was denied initially and upon reconsideration, resulting in a hearing before Administrative Law Judge ("ALJ") Timothy G. Keller on September 7, 2005.  AR 438-62.  On October 14, 2005, ALJ Keller issued a decision denying the plaintiff's claim for DIB.  AR 17-22.  Specifically, the ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date and that, although his anxiety and depression were severe impairments, they did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  AR 21-22.  The ALJ then determined that the plaintiff was unable to perform his PRW, but that he was able to perform a significant range of medium work, with certain restrictions.  *Id.*  Thus, the ALJ concluded that the plaintiff did not suffer from a disability as defined by the Social Security Act.  *Id.*  On November 30, 2005, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  AR 8-10.

**II. The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report and Recommendation on the ground that the Magistrate Judge ignored the opinion of the plaintiff's treating physician, Dr. Dale H. Farabee, M.D.

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and

whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The Sixth Circuit has repeatedly held that the opinions of a treating physician are entitled to significant deference. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). An ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings or is inconsistent with the remainder of the evidence in the case. *Walters v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). An ALJ must give good reasons for rejecting the opinion of a treating physician. *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2).

Dr. Farabee has acted as the plaintiff's treating psychiatrist since February 27, 2003, and has, on several occasions, opined that the plaintiff is unable to engage in substantial gainful activity as a result of his anxiety/agoraphobia, depression, panic attacks, and obsessive-compulsive behavior. *See generally* AR 207-10, 257-59, 261-62, 263-64, 284-89, 324-26. ALJ Keller considered Dr. Farabee's opinion but rejected it because he found it was inconsistent with other medical evidence in the record, the testimony of the plaintiff and his wife, and his observed appearance at the hearing.

The ALJ's decision not to credit Dr. Farabee's opinion was proper based on the evidence of record in this case. On January 17, 2004, Dr. Robert Jack Eardley, M.D., performed a consultative medical evaluation on the plaintiff. Dr. Eardley noted that the plaintiff was friendly and cooperative, his speech was relevant and coherent, he was appropriately oriented, his memory was intact, he showed no evidence of delusions or loosening of associations, and his judgment and insight were not remarkable. AR 211-213. Although the plaintiff's statements suggested that he experienced anxiety and depression, Dr. Eardley found that the plaintiff could make personal and social adjustments and that he had the ability to understand, remember, and carry out instructions. AR 214. A consultative examination performed by Dr. Devang Shah on March 26, 2004, also yielded "no signs of depression, agitation, irritability, or anxiety." AR 234.

Dr. Farabee's assessment is also inconsistent with the testimony of the

plaintiff and his wife. The plaintiff has stated that he performs household and yard chores and that he sometimes does the shopping for his family, attends church or his children's sporting events, and watches movies. AR 76-77. His wife also indicated that the plaintiff could perform household chores (including caring for his children and pets), shop for repair items, and pay bills. AR 89-92. She acknowledged that he could drive and could leave his home alone, though he preferred to have someone accompany him. AR 92. In addition, the ALJ noted that the plaintiff's previous employer found his work to be fully satisfactory. AR 79-80.

Finally, Dr. Farabee's opinion was contradicted by the plaintiff's appearance and conduct at the hearing itself. ALJ Keller observed that the plaintiff presented himself as well-spoken, nicely dressed, and well-groomed and that he spoke confidently and maintained eye contact. AR 19. Since an ALJ has the opportunity to observe the plaintiff, his credibility determinations are entitled to deference when they are supported by substantial evidence in the record. *See Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 230-31 (6th Cir. 1990). ALJ Keller's credibility conclusion is consistent with much of the evidence and testimony in this case and is therefore not erroneous.

In sum, although an ALJ must ordinarily give substantial weight to a treating physician's opinion, the ALJ's rejection of Dr. Farabee's conclusions was nonetheless supported by substantial evidence. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 9) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 7) is **GRANTED**.

Signed on November 30, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6